

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

June 6, 1962

Honorable J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

Opinion No. WW-1342

Re: Whether "federal-owned for-
estry land" should be con-
strued to include National
Grasslands recently made a
part of the national fores-
try system for purposes of
allowing a deduction in the
local fund assignment of a
school district pursuant to
Section 5 of Article 2922-
16 of Vernon's Civil
Statutes.

Dear Dr. Edgar:

Your request for opinion from this office informs us
that school districts in Fannin County and other counties in
Texas contain land which is a part of the Panhandle National
Grasslands, a federal reservation, which by administrative or-
der was made a part of the National Forest System. The tax
assessor-collector of Fannin County now contends that the dis-
trict is eligible for an adjustment reduction in its local fund
assignment pursuant to Section 5 of Article 2922-16 of Vernon's
Civil Statutes.

You then ask the following question:

"For purposes of allowing a deduction in the
local fund assignment of a school district pursuant
to proviso, Article 2922-16, Section 5, second para-
graph, legally should 'federal-owned forestry land'
be construed to include National Grasslands only
recently made a part of the national forestry sys-
tem?"

Section 5 of Article 2922-16 states in part as follows:

"Sec. 5. The State Commissioner of Education
shall determine the amount of local funds to be
charged to each school district and used therein
toward the support of the Foundation School Pro-
gram, which amount shall be calculated as follows:

"Divide the state and county assessed valuation of all property in the county subject to school district taxation for the next preceding school year into the state and county assessed valuation of the district for the next preceding school year, finding the district's percentage of the county valuation. Multiply the district's percentage of the county valuation by the amount of funds assigned to all of the districts in the county. The product shall be the amount of local funds that the district shall be assigned to raise toward the financing of its Foundation School Program.

"Provided, however, that in any district containing state university-owned land, state-owned prison land, federal-owned forestry land, federal-owned military reservations or federal-owned Indian reservations, the amount assigned to such school district shall be reduced in the proportion that the area included in the above-named classification bears to the total area of the district. Provided further, that no local fund assignment shall be charged to the Boys Ranch Independent School District in Oldham County, Texas.

"   . . .

"The County Tax Assessor-Collector in each county, in addition to his other duties prescribed by law, shall certify to the State Commissioner of Education in Austin, Texas, not later than December 1st of each year, the following information:

"(1) The assessed valuation, on a state and county valuation basis, of all property subject to school district taxation in each school district or portion of school district in such county, and the total assessed valuation of all property subject to the school district taxation in the county;

"(2) The total area of each school district; and

"(3) The area within each school district comprised of state university-owned land, state-owned prison land, federal-owned forestry land, federal-

owned military reservations, and federal-owned
Indian reservations.

"Should any County Tax Assessor-Collector fail
to submit such certificates to the State Commission-
er of Education as provided for herein, the State
Comptroller of Public Accounts is hereby directed
to submit such information, estimating when neces-
sary.  As soon after the receipt of such certificates
as practicable, and prior to the time that the respec-
tive tax rates for the school districts of the county
have been set, the State Commissioner of Education
shall notify each school district as to the amount of
local funds that such district is assigned to raise
for the succeeding school year."  (Emphasis added)

Section 471 of Title 16 of the United States Code
Annotated states in part as follows:

"The President of the United States may,
from time to time, set apart and reserve, in
any State or Territory having public land bear-
ing forests, in any part of the public lands
wholly or in part covered with timber or under-
growth, whether of commercial value or not,
as national forests, and the President shall, by
public proclamation, declare the establishment of
such forests and the limits thereof.

"  .  .  .

"(b)  The President, in his discretion, is
authorized to establish as national forests or
parts thereof, any lands within the boundaries of
Government reservations, other than national parks,
reservations for phosphate and other mineral de-
posits, or water-power purposes, national monuments
and Indian reservations, which in the opinion of
the Secretary of the department now administering
the area and the Secretary of Agriculture are suit-
able for the production of timber, to be adminis-
tered by the Secretary of Agriculture under such
rules and regulations and in accordance with such
general plans as may be jointly approved by the
Secretary of  Agriculture and the Secretary former-
ly administering the area, for the use and occupa-
tion of such lands and for the sale of products
therefrom.  .  .  ."  (Emphasis added)

Section 472 states as follows:

"The Secretary of the Department of Agricul-
ture shall execute or cause to be executed all
laws affecting public lands reserved under the
provisions of section 471 of this title, or sec-
tions supplemental to and amendatory thereof,
subject to the provisions for national forests
established under subdivision (b) of section 471
of this title, after such lands have been so re-
served, excepting such laws as affect the sur-
veying, prospecting, locating, appropriating,
entering, relinquishing, reconveying, certifying,
or patenting of any of such lands." (Emphasis added)

Number 123 of Volume 25 of the Federal Register provides
as follows at page 5845:

"§213.1 Designation, administration, and de-
velopment of National Grasslands.

"(a) The land utilization projects adminis-
tered by Department of Agriculture designated in
paragraph (e) of this section hereafter shall be
named and referred to as 'National Grasslands.'"

"(b) The National Grasslands shall be a part
of the national-forest system and permanently held
by the Department of Agriculture for administration
under the provisions of Title III of the Bankhead-
Jones Farm Tenant Act, subject to such exchanges of
lands thereunder as will promote effective and eco-
nomical administration or otherwise serve the public
interest." (Emphasis added)

The above administrative order was signed by True D. Morse,
Acting Secretary of Agriculture on June 20, 1960.

Although the Panhandle National Grasslands located in
Texas are not in any one of the four "National Forests" of Texas,
we must hold that such reservations are included in "federal-
owned forestry land," as that phrase is used in Article 2922-16.
The administrative order of the Secretary of Agriculture clearly
provides that the National Grasslands are to be a part of the
national-forest system, and when Article 2922-16 refers to fed-
eral-owned forestry land, we hereby hold that that term is not
limited to the National Forests as such, but all federal-owned
forestry land.

You are therefore advised that upon certification to you by a county tax assessor-collector or the Comptroller, that a school district contains territory in the National Grasslands, that such district is entitled to a reduction pursuant to Section 5 of Article 2922-16.

S U M M A R Y

A school district containing territory in the National Grasslands is entitled to an assignment reduction pursuant to Section 5 of Article 2922-16 of Vernon's Civil Statutes, since such territory is a part of federal-owned forestry land.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *Fred D. Ward*

Fred D. Ward
Assistant

FDW:wb:zt

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Pat Bailey
Vernon Teofan
Jay Howell
Milton Richardson

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore